UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLEE GRINNELL,

    Plaintiff,

v.

CITY OF TAYLOR, *et al.*,

    Defendants.

Case No. 17-11354
Honorable Laurie J. Michelson

## ORDER DENYING RULE 60(b) MOTION [69]

This excessive force case has been pending for more than three years. The motion currently before the Court is yet another in a long line of motions by both sides asking the Court for more time. But this motion is different. Rather than preemptively asking for an extension, Grinnell asks the Court for relief under Federal Rule of Procedure 60(b) from its order on May 19, 2020 excluding two of Grinnell's experts. (ECF No. 62.) Grinnell brings this motion in response to the Court's recent order allowing the Defendants two additional weeks to exchange their Independent Medical Examination (IME) reports because of lead defense counsel's hospitalization. (ECF No. 66.)

Although Grinnell titles his motion a "Motion to Reconsider," it is really a motion for relief under Rule 60(b). (ECF No. 69, PageID.840.) *See also Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) ("Where a party's Rule 59 motion is not filed within the mandatory 10–day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment.").

More specifically, Grinnell brings his motion under Rule 60(b)(6). Rule 60(b) contains five enumerated grounds allowing for relief from a judgment or order. Rule 60(b)(6) is a catch-all

provision "providing relief from a final judgment for any reason not otherwise captured in Rule 60(b)." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018). Relief under Rule 60(b)(6) should be granted "only in exceptional or extraordinary circumstances where principles of equity mandate relief." *Id.*

In this case, there are no exceptional or extraordinary circumstances, nor do the equities weigh in Grinnell's favor.

Grinnell's principal argument that he is entitled to relief is based on the Court's order from August 4, 2020. In that order, the Court granted Defendants two additional weeks to exchange their IME reports because lead defense counsel was hospitalized, but denied Defendants' requests for additional extensions of the deadlines to complete Grinnell's deposition and for expert discovery. (ECF No. 66.) Grinnell argues that Defendants' request for an extension shows that they would not be prejudiced by the Court's reversal of its order excluding two of Grinnell's experts from testifying. (*See* ECF No. 69, PageID.842.) But Grinnell has not offered any affirmative reason why the Court should grant the extraordinary remedy of relief under Rule 60(b)(6) and vacate its May 19 order.

It seems that Grinnell may be implying that it was unfair for the Court to grant the Defendants an extension for their IME reports, whereas Grinnell was denied an extension for two of his Rule 26 experts. The problem with that argument is that Grinnell never requested an extension from the Court. Grinnell failed to turn over to Defendants written reports for two of his experts by the expert disclosure deadline of February 21, 2020. Grinnell never moved the Court for additional time—in fact, the Court did not learn that Grinnell had failed to produce the expert reports until the Defendants filed a motion to exclude the experts two months later. (*See* ECF No. 55.) The Court granted the Defendants' request to exclude the two experts because "Plaintiff has

2

not produced their expert reports and the time for doing so has long past." (ECF No. 62, PageID.800.) The Court found the failure to provide the reports was neither justified nor harmless. (*Id.* at PageID.800.)

The reasons for the Court's order excluding two of Grinnell's experts have not changed. And Grinnell has not presented any exceptional or extraordinary circumstances to justify revisiting the Court's reasoning. Grinnell's motion for relief under Rule 60(b)(6) is DENIED.

SO ORDERED.

Dated: August 26, 2020

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE