UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLEE GRINNELL,

    Plaintiff,

v.

CITY OF TAYLOR, et al.,

    Defendants.

Case No. 17-11354
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING IN LIMITED PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION [82]**

In April 2017, Leslee Grinnell sued the City of Taylor and numerous Taylor police officers for his alleged beating and detention by the Taylor police after he was designated as a suicidal barricaded gunman. Of his original seven counts against the City and nine individual police officers, all that remains is a limited-in-scope excessive force claim against five officers. This excessive force claim has survived two motions for summary judgment by the defendants. Yet Defendants now seek a third bite at the apple through their motion for reconsideration of the Court's latest summary judgment opinion.

Local Rule 7.1 permits a party to move for "rehearing or reconsideration . . . within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). The moving party must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and then "show that correcting the defect will result in a different disposition

of the case." E.D. Mich. L.R. 7.1(h)(3). This Court has previously defined the general rule for a motion for reconsideration as follows: "a party seeking reconsideration must show that the district court clearly erred, that the court's initial decision will change if the clear error is corrected, and that the error was based on the law and record as it stood when the district court made its initial decision." *Roe v. Ford Motor Co.*, 439 F. Supp. 3d 922, 926 (E.D. Mich. 2020).

Defendants argue that the Court's prior opinion contains a palpable defect because "the Court overlooked Plaintiff's key admissions that require dismissal of the sole remaining aspect of his case." (ECF No. 82, PageID.2290.) The Court previously concluded, "[b]ecause Grinnell plausibly alleges that all of these five officers are liable for excessive force or for failing to stop excessive force, and the actions of the officers prevented him from being able to identify which officers took what actions, Grinnell is not required to identify at the summary judgment stage which officer committed which specific act." *Grinnell v. Taylor*, No. 17-11354, 2021 WL 1736999, at *9 (E.D. Mich. May 3, 2021). According to Defendants, Grinnell's own testimony is inconsistent with this conclusion.

The Court first notes it is Defendants' burden to establish that no genuine questions of material fact remain, and they are otherwise entitled to summary judgment. In addition to briefing, the Court held a hearing on Defendants' motion and gave counsel advance notice that they should come prepared to discuss the deposition testimony in detail. Much of the hearing was dedicated to discussion of the implication of Grinnell's failure to identify specific officers. (*See* ECF No. 81.) In

addition to these opportunities for the parties to highlight the most salient facts for the Court, the Court spent significant time independently reviewing the deposition transcripts. So the Court sees Defendants' motion largely as seeking an opportunity to rehash the arguments it has already made or already had the opportunity to make. *See* E.D. Mich. L.R. 7.1(h)(3) ("Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication."). But in the interest of thoroughness and clarity, appreciating Defendants' efforts to narrow their motion, and finding merit in one of their arguments, the Court will address all of Defendants' positions.

I.

Defendants first argue that Grinnell's admissions undermine one of the Court's holdings. The Court held that for five officers, Grinnell had plausibly argued that they either participated in or failed to intervene in his assault. It followed, in this Court's view, that his excessive-force claim could proceed under the *Fazica* rule against these five officers. Defendants say this was error given Grinnell's recall of some particulars of the assault.

The Court agrees with Defendants to a very limited extent. Grinnell testified at one point that only one individual kicked him. (ECF No. 72-10, PageID.1360–1361.) True, at several other points he referred to multiple people kicking him and then a single individual giving him a final kick in the ribs and laughing at him after he was handcuffed. (ECF No. 72-9, PageID.1319–1320; ECF No. 72-10, PageID.1357,

3

1360, 1363.) But Grinnell repeatedly testified that he could identify the officer who gave him a final kick in the ribs after he was handcuffed. (*See* ECF No. 72-3, PageID.1062 (Grinnell testified at his criminal trial: "I know the one that kicked me after they handcuffed me is a little shorter guy, muscular."); ECF No. 72-9, PageID.1320 (Grinnell testified at his first deposition: "They get me handcuffed. They start peeling off. The one cop . . . cop number one stands up and kicked me in the ribs and says ha, ha, mother f***er.").) And Grinnell makes clear that the officer who kicked him and laughed at him was the same officer who allegedly ran up and punched him in the face when he came out of his trailer. (ECF No. 72-3, PageID.1062; ECF No. 72-9, PageID.1317, 1320.) Despite these admissions, Grinnell failed to identify this individual officer by name. Only one individual is responsible for this single kick and because it happened in a split second the other officers cannot be liable for failing to stop it. So this kick also suffers from a *Pineda* problem. *See Grinnell*, 2021 WL 1736999, at *7–8. Because Grinnell has not "present[ed] evidence from which a jury could find that each defendant engaged in [the final kick to the ribs]," *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 493 (6th Cir. 2020), his allegations about the kick cannot proceed to trial.

Based on this conclusion, the Court grants the motion for reconsideration only to the extent that the Court issues a clarification of its prior ruling: Grinnell's remaining excessive force claim is only for the portion of the alleged assault while he was held on the ground and assaulted by the group of officers before being handcuffed (and thus, before this last kick occurred). In light of the rule in *Fazica* and *Pineda*,

Grinnell cannot maintain a claim for the "final kick" because that single action would have occurred so quickly it is implausible to claim that the others are liable for not intervening.

As for the remainder of Defendants' arguments, they do not warrant altering the Court's prior conclusions in any way. The fact that Grinnell suggested he could identify the officer who kicked him in the ribs, and also testified that during the assault he briefly looked up and saw a female officer standing and watching (ECF No. 72-10, PageID.1364), does not entitle the remaining five defendants to summary judgment.

In its prior opinion, the Court acknowledged that Grinnell's testimony is at times internally inconsistent. But at the summary-judgment stage, the Court is required to view the evidence in the light most favorable to Grinnell. And Grinnell testified under oath that he was being held face down on the ground during at least part of the assault, which prevented him from seeing who was assaulting him. Based on that testimony, it is not hard to imagine a chaotic scene in which Grinnell was face down on the ground, surrounded by police officers. During the struggle, he could have had opportunities to briefly lift his face off the ground and observe his surroundings. So the fact that Grinnell briefly looked up and saw the female officer does not mean that he could also see all of the officers who were directly around and on top of him. Nor is Defendants' argument advanced by the fact that Grinnell was able to look up and see the officer who kicked him in the ribs after he was handcuffed, and as the other officers were walking away. Finally, the Court will not reconsider Defendants'

argument—raised several times already—that there is no material issue of fact because Grinnell identified the number of officers assaulting him versus the number watching. (ECF No. 82, PageID.2294.)

It is understandable that Defendants' are frustrated with Grinnell's inconsistent testimony. As the Court already noted here and in its prior opinion, Grinnell's testimony on the exact number of officers involved is not consistent, but the Court took this into account in its prior ruling. *See Grinnell*, 2021 WL 1736999, at *8–9. Defendants will have ample opportunity to address at trial the issues with Grinnell's testimony. The jury will decide, among other issues, whether they think Grinnell's testimony is credible. And the inconsistencies that Defendants highlight may be presented at trial to undermine his credibility.

## II.

Defendants are left with the argument that summary judgment is mandated because there will be logistical problems with proceeding to trial against the five officers.

The Court rejects Defendants' proposition that "the remaining five Defendants face potential individual liability based on a coin toss." (ECF No. 82, PageID.2301.) The Court did not hold that the record was "evenly balanced" as to the possibility of Defendants' liability. Instead, the Court ruled that the remaining claim against the five officers falls within the *Fazica* rule because Grinnell plausibly argued that the officers were "part of 'a small group of officers that committed allegedly unconstitutional acts within each other's presence.'" *Grinnell*, 2021 WL 1736999, at

6

*9 (quoting *Fazica v. Jordan*, 926 F.3d 283, 292). So a reasonable jury could find each defendant liable for either applying excessive force or failing to intervene. *See Fazica*, 926 F.3d at 292 ("The key question . . . as in all cases on summary judgment, was whether the plaintiff had put forth evidence such that a reasonable jury could find each defendant liable.").

The Court also does not agree with Defendants' concern of "trial by ambush." Grinnell will have the burden of proof at trial to show that each individual defendant either used excessive force on him or observed and failed to stop other officers using excessive force. As in *Fazica*, the Court "merely conclude[s] that the record evidence in this case could support a reasonable jury making such a finding." 926 F.3d at 295.

The situation presented in this case is not unique. In similar cases, the Sixth Circuit has addressed the prospect of a trial against a group of defendants in which the plaintiff cannot identify the specific acts of each defendant.

In *Pershell v. Cook*, the plaintiff alleged that he was beaten by a group of police officers, but that he was unable to see which officers struck him because he was knocked to the floor and his glasses had been removed. 430 F. App'x 410, 416 (6th Cir. 2011). But the plaintiff was able to provide information "about the location and conduct of the officers based on his own sensory observations." *Id.* The court concluded that this information, combined with the accounts of the officers themselves, would "provide the jury with sufficient information to determine the liability of each individual defendant for the alleged constitutional violation." *Id.*

7

And in *Fazica*, the plaintiff was able to offer "some distinguishing descriptions" like the relative size and age of the officers and what kind of weapon they were holding. 926 F.3d at 293–94. This testimony, the sheriff's incident report, and the officers' testimony "could combine to convince a jury that specific Defendants committed specific acts that constituted excessive force." *Id.* at 293.

This case presents a similar scenario. The jury will be able to consider the limited descriptions of the officers provided by Grinnell, the testimony of each officer, as well as other evidence like the platoon log and the testimony of other witnesses. The jury will also evaluate the credibility of each witness. And then the jury will determine whether the evidence presented is sufficient to find each defendant officer liable. If, as Defendants insist, there is insufficient evidence to find any particular officer liable, the jury will make that determination.

Defendants also raise concerns about Grinnell attributing specific conduct to specific defendants for the first time at trial. Any issues that arise related to Grinnell's attribution of specific conduct at trial can be addressed at that time. And, of course, Defendants may impeach Grinnell if his testimony at trial is inconsistent with his prior testimony.

Defendants' final point relates to the fact that there may have been two other officers at the scene who are not defendants. This does nothing to change the Court's conclusion. The Sixth Circuit addressed a similar situation in *Fazica* in which one member of the team of officers was not named as a defendant and the defendants argued this gave rise to a risk that the jury would assign blame to the wrong person.

926 F.3d at 295. The court dismissed this argument for two reasons: (1) because the plaintiff testified that more than one officer used excessive force, "each discrete incidence of allegedly unconstitutional contact could not have been committed by" the unnamed defendant, and (2) even if the absent defendant had committed every act of excessive force, the named officers could all still be liable for failing to intervene. *Id.* The same logic applies here.

Although the trial may present some logistical complications and the jury may need to make some discerning decisions, the jury-trial system is well-equipped to handle these challenges. As the Sixth Circuit made clear, "[p]laintiffs who are unable to pinpoint precisely which named defendant did what, even where the defendants did not intentionally conceal their identities, still have an interest in the vindication of their constitutional rights." *Fazica*, 926 F.3d at 293.

### III.

Finally, Defendants' qualified immunity argument fails for the same reasons the Sixth Circuit rejected the argument in *Fazica*. The court in *Fazica* was specifically reviewing the district court's denial of qualified immunity. And the court explained why the unidentified officers were not entitled to qualified immunity:

> Such a conclusion does not, as Defendants claim, "gut[ ] qualified immunity because it allows any plaintiff to proceed past summary judgment in the complete absence of any evidence that a particular defendant committed a specific constitutional violation." [] First, it applies only to a limited set of plaintiffs: those who can identify the small team of officers who potentially used excessive force against the plaintiff in each other's presence. Second, it does require evidence that each particular defendant committed a specific constitutional violation. It acknowledges, however, that specific constitutional violations can be committed not only by an officer personally applying excessive force, but

9

also by an officer witnessing excessive force and neglecting his duty to intervene.

*Fazica*, 926 F.3d at 292. Based on the record evidence in this case, the Court ruled that the five remaining officers are part of a small group of officers who allegedly used excessive force or failed to intervene to stop the force, as in *Fazica*. And the Court already ruled that the right to be free from excessive force is clearly established. *Grinnell*, 2021 WL 1736999, at *13.

## IV.

Because for most of their arguments Defendants have failed to identify a palpable defect which would result in a different disposition of the case, the motion for reconsideration (ECF No. 82) is DENIED IN PART. But the Court does grant one limited portion to clarify the scope of Grinnell's excessive force claim: Grinnell may only proceed on the portion of his claim related to his alleged assault by the group of officers; to the extent he alleges a "final kick" or other action attributable to a single, but unidentified, officer, that claim is dismissed as a matter of law.

SO ORDERED.

Dated: June 29, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE